Scott W. Hyder, Bar No. 017282
**LAW OFFICE OF SCOTT W. HYDER PLC**
3420 East Shea Blvd., Ste. 200
Phoenix, Arizona  85028
Phone:  (602) 923-7370
Fax:  (602) 795-6010
shyder@scotthyderlaw.com

Attorney for Plaintiff Scott Phillips

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Scott Phillips, | No. |
| Plaintiff | **VERIFIED COMPLAINT** |
| vs. | **JURY TRIAL DEMANDED** |
| Marko Law PLLC, an Arizona professional limited liability company; Edward J. Marko and Jane Doe Marko, husband and wife; Does I-X, | |
| Defendants | |

Plaintiff alleges as follows:

## PRELIMINARY STATEMENT

1.      This action arises under the Federal Fair Debt Collection Practices Act, *15 U.S.C. § 1692*, *et seq.* (the "**FDCPA**"). In enacting the FDCPA, Congress found that debt collectors' use of abusive, deceptive, and unfair debt collection practices contributed to personal bankruptcies, marital instability, the loss of jobs, and invasions of individual privacy. *See 15 U.S.C. § 1692(a)*. Congress further found that existing laws and procedures for redressing these injuries were inadequate to protect consumers. *See 15 U.S.C. § 1692(b)*. the purpose of the FDCPA was to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices

are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2.      In October 2012, the United States Bureau of Consumer Financial Protection (the "**CFPB**") found that debt collection is a multi-billion-dollar industry that directly affects many consumers. The CFPB found that in 2012, approximately 30 million individuals had debt subject to the collections process. The CFPB further found that by collecting consumer debt, collectors reduce creditors' losses from non-repayment and thereby help to keep credit accessible and more affordable to consumers. However, the CFPB found that illegal debt collection causes consumers substantial harm. If collectors falsely represent amounts owed, consumers may pay debts they do not owe to stop collection efforts because they are unsure how much they owe or cannot afford to pay an attorney to assist in their defense. In addition, consumers may unintentionally yield their rights by waiving the statute of limitations on debt claims for which the relevant limit periods have expired. Unlawful collection practices can cause significant reputational damage, invade personal privacy, and inflict emotional distress. Among the possible consequences, a collector's inappropriate interference with a consumer's employment relationships can also impair the consumer's ability to repay debts. *See Rules and Regulations of the Bureau of Consumer Financial Protection, Summary of the Final Rule. 12 CFR Part 1090*.

3.      Of interesting note, the CFPB found that Federal consumer financial law promotes fair competition in the debt collection marketplace. To the extent that unfair, deceptive, or abusive practices increase collectors' recovery rate, debt collectors that avoid such practices could be at a competitive disadvantage. By placing important parameters on debt collection activities, the FDCPA helps to ensure that those who refrain from improper practices in debt collection are not thereby competitively disadvantaged. *See Footnote 26 to Rules and Regulations of the Bureau of Consumer Financial Protection, Summary of the Final Rule. 12 CFR Part 1090*

**JURISDICTION & VENUE**

4. Jurisdiction of this Court arises under *28 U.S.C. § 1331*, *28 U.S.C. § 1337* and pursuant to *15 U.S.C. § 1692k(d)*.

5. This action arises from Defendants' violations of the FDCPA.

6. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendants transact business here.

**PARTIES**

7. Plaintiff is a natural person who resides in the City of Glendale, County of Maricopa, State of Arizona, and is a "consumer" as that term is defined under *15 U.S.C. § 1692a(3)*.

8. Defendant Marko Law PLLC is an Arizona professional limited liability company and a collection agency of consumer debts operating in the City of Phoenix, County of Maricopa, State of Arizona ("**Marko Law**").

9. Defendant Edward J. Marko ("**Mr. Marko**") is a natural person employed by Marko Law as a debt collector at all times relevant herein.

10. Defendants are engaged in the collection of debts from consumers. Defendants regularly attempt to collect consumer debts alleged to be due to another. Defendants are "debt collectors" as defined by the FDCPA, *15 U.S.C. § 1692a(6)*.

11. Defendants Does I-X are persons, corporations, or other legal entities whose true names are unknown to Plaintiff, but Plaintiff believes and alleges that they caused and/or contributed to the events complained of herein. At such time as the identity of these Defendants becomes known, Plaintiff will seek leave to amend this Complaint to identify them as same. Such a person may include the Marko Law employee Plaintiff spoke to on January 10, 2023, as explained below.

**FACTUAL ALLEGATIONS**

12. On November 14, 2022, Marko Law filed a complaint (the "**Debt Collection Complaint**") against Plaintiff individually and others to collect a consumer debt on behalf of

3

Marko Law's client Environmental Conditioning LLC, doing business as Parker and Sons ("**Parker and Sons**").

13.     Mr. Marko supervised and caused the Debt Collection Complaint's preparation, signature, and filing.

14.     The Debt Collection Complaint named as defendants Plaintiff and his spouse, Jamie Phillips and her spouse, and the "Rock Solid Trust".

15.     The Debt Collection Complaint wrongfully alleged that Plaintiff agreed to pay Parker and Sons for and accepted consumer goods and installation services that benefited real property at 4529 W. Parkview Lane, Glendale, AZ 85310 (the "**Residential Property**").

16.     Plaintiff never verbally agreed or executed any written agreement with Parker and Sons for any goods or services, either individually or on behalf of any trust or other entity.

17.     Plaintiff neither owned, controlled, nor occupied the Residential Property for which Parker and Sons purportedly provided goods and services.

18.     The Debt Collection Complaint named a fictitious "Jane Doe Phillips" as a co-defendant and alleged that Plaintiff and Jane Doe Phillips were husband and wife.

19.     Nothing in the Debt Collection Complaint alleged that Plaintiff was the spouse of any named co-defendant other than "Jane Doe Phillips".

20.     When Plaintiff was named and served the Debt Collection Complaint, he suffered from cancer and was actively seeking radiation treatment.

21.     After receiving the Debt Collection Complaint, Plaintiff called Marko Law on or about January 10, 2023, and spoke to a firm employee (the "**January 10 Call**").

22.     During the January 10 Call, Plaintiff represented to the Marko Law employee that he did not incur the alleged debt that was the subject of the Debt Collection Complaint.

23.     During the January 10 Call, Plaintiff also represented to the Marko Law employee that Plaintiff had been previously divorced from Jamie Phillips, another co-defendant named in the Debt Collection Complaint.

24.     During the January 10 Call, the Marko Law employee explained that Plaintiff was named in the Debt Collection Complaint because he was on the deed of the Residential Property.

25.     During the January 10 Call, Plaintiff explained to the Marko Law employee that he did not own the Residential Property.

26.     During the January 10 Call, Plaintiff represented to the Marko Law employee that he had nothing to do with the "Rock Solid Trust", another co-defendant named in the Debt Collection Complaint.

27.     Marko Law did not dismiss Scott Phillips from the Debt Collection Complaint after the January 10 Call.

28.     When Marko Law failed to dismiss Scott Phillips from the Debt Collection Complaint after the January 10 Call, Scott Phillips retained undersigned counsel to assist in his dismissal from the Debt Collection Complaint.

29.     To avoid Plaintiff incurring attorney fees and other damages, undersigned counsel called Marko Law on or about January 11, 2023, and spoke to a Marko Law employee, requesting that Mr. Marko return his call about the Debt Collection Complaint that wrongfully named Plaintiff as a defendant. Mr. Marko failed to return undersigned counsel's phone call.

30.     On or about January 12, 2023, undersigned counsel left another message for Mr. Marko, again attempting to resolve the mistake so that Plaintiff would not incur attorney fees or other damages. Mr. Marko again failed to return the call.

31.     On or about January 13, 2023, undersigned counsel called Marko Law and spoke to an employee. Undersigned counsel again requested that Mr. Marko return his call, reiterating to the Marko Law employee that Plaintiff had wrongfully been named in the Debt Collection Complaint, which was an FDCPA violation. Once again, Mr. Marko failed to return the call.

32.     Because Marko Law refused to dismiss Plaintiff from the Debt Collection Complaint after the January 10 Call and the subsequent phone calls, Plaintiff incurred attorney fees for undersigned counsel's further assistance.

33.     All of the above-described conduct violated numerous and multiple provisions of the FDCPA, including but not limited to *15 U.S.C. §§ 1692d, 1692e, 1692e(2), 1692e(5), 1692e(10), 1692e(11)*, and *1692f(1)*, amongst others.

34.     Undersigned counsel sent a detailed letter to Mr. Marko and Marko Law dated January 25, 2023, demanding that Plaintiff be dismissed from the Debt Collection Complaint for being wrongfully named as a defendant.

35.     On or about February 28, 2023, Marko Law filed a "Notice of Voluntary Dismissal Without Prejudice" in Maricopa County Superior Court, dismissing Plaintiff as a defendant from the Debt Collection Complaint.

36.     As a result of Defendants wrongfully naming Plaintiff as an individual co-defendant in the Debt Collection Complaint, along with refusing to dismiss Plaintiff after numerous requests and opportunities to do so, Plaintiff suffered damages in the form of incurring attorney fees and court costs, anger, anxiety, emotional distress, fear, frustration, upset, humiliation, confusion, and embarrassment, as well as suffering from unjustified and abusive invasions of personal privacy.

## COUNT ONE

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

*15 U.S.C. § 1692 et seq.*

37.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

38.     Defendants did not engage in basic due diligence to determine whether Plaintiff allegedly owed a debt to Parker and Sons, and continued to pursue collection against Plaintiff even after Plaintiff represented to Defendants that he was not a responsible party.

39.     Plaintiff and his counsel attempted to mitigate Plaintiff's damages by repeatedly contacting Defendants by telephone to explain that Plaintiff was improperly named as a debtor, all to no avail.

40.     The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the FDCPA, including without limitation wrongfully attempting to collect a debt against a non-debtor party personally who had absolutely nothing to do with any debt that may have been allegedly owed to Parker and Sons.

41.     As a result of each Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages from Defendants pursuant to *15 U.S.C. § 1692k(a)(1)*; statutory damages in an amount up to $1,000.00 pursuant to *15 U.S.C. § 1692k(a)(2)(A)*; and, reasonable attorney's fees and costs pursuant to *15 U.S.C. § 1692k(a)(3)*.

WHEREFORE, Plaintiff prays that judgment be entered against Defendants, jointly and severally:

A. For an award of actual damages pursuant to *15 U.S.C. § 1692k(a)(1)* against Defendants;

B. For an award of statutory damages of no less than $1,000.00 pursuant to *15 U.S.C. § 1692k(a)(2)(A)* against Defendants;

C. For an award of costs of litigation and reasonable attorneys' fees pursuant to *15 U.S.C. §1692k(a)(3)* against Defendants; and

D. For such other and further relief as may be just and proper.

**DATED** this 10th day of August, 2023.

LAW OFFICE OF SCOTT W. HYDER, PLC


By:     /s/ Scott W. Hyder
Scott W. Hyder, AZ Bar No. 017282
Counsel for Plaintiff

## **VERIFICATION OF COMPLAINT AND DECLARATION**

I, Scott Phillips, declare under penalty of perjury that the following facts are true and correct to the best of my knowledge, information and belief:

1.      I am the Plaintiff in this civil proceeding against the Defendants named in this Complaint.

2.      I have read the above-entitled civil Complaint prepared by my attorney and believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3.      I believe this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4.      I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant, cause unnecessary delay to any Defendant, or create a needless increase in the cost of litigation to any Defendant, named in the Complaint.

5.      I file this civil Complaint in good faith and solely for the purposes set forth in it.

_____

SCOTT PHILLIPS